UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEX KWAKU PEPRAH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 12 CV 02564 |
| ) | |
| U.S. CITIZENSHIP AND IMMIGRATION ) | Judge Rebecca R. Pallmeyer |
| SERVICES, DEPARTMENT OF ) | |
| HOMELAND SECURITY ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Alex Kwaku Peprah filed a petition seeking judicial review of a decision by the Department of Homeland Security's United States Citizenship and Immigration Services, denying his naturalization petition on the grounds that he made inaccurate statements in his immigrant visa application and was not lawfully admitted to the United States. Two months after Peprah filed his petition for the court's review of that decision, the Department of Homeland Security issued a Notice to Appear, effectively initiating proceedings to remove Peprah from the United States. Respondents now move to dismiss Peprah's petition before this court, arguing that because a removal proceeding is pending against Peprah, this court is unable to remedy the denial of his naturalization application. For the reasons explained herein, Respondents' motion is denied.

**BACKGROUND**

On November 14, 2004, Alex Kwaku Peprah, a native and citizen of Ghana, was admitted to the United States as a lawful permanent resident through the diversity lottery. (Pet. for Review [1] at 6-7.) On October 16, 2009, Peprah filed a Form N-400 naturalization application with the Department of Homeland Security's ("DHS") United States Citizenship and Immigration Services ("USCIS"), and appeared for an interview on February 2, 2010. (*Id.*) On August 2, 2011, USCIS denied Peprah's application on the grounds that he was of poor moral character pursuant to 8 C.F.R. 316.10(b)(2)(iv) and had not been lawfully admitted for permanent residency as required by

8 C.F.R. 316.2(a)(2). (Mot. to Dismiss [13] at 2; Dec. 14, 2001 USCIS Denial Letter, Ex. 1 to Pet. for Review at 1-6.) Specifically, DHS determined that when Peprah applied for his immigrant visa in Ghana in 2004, he failed to disclose that he was refused entry into the United States in December of 1996, and that he had been deported from the United States in January of 1997. (Pet. for Review at 7.) Peprah subsequently filed a Request for Hearing to challenge the denial of his application. (Mot. to Dismiss at 2.) USCIS held a hearing on December 5, 2011, and on December 14, 2011, USCIS affirmed the denial. (Mot. to Dismiss at 2; Dec. 14, 2001 USCIS Denial Letter at 1-6.)

On April 8, 2012, Peprah filed a timely petition for review of USCIS's denial of his naturalization application pursuant to 8 U.S.C. § 1427(c). (*Id.*) Then, while Peprah's petition was pending before this court, on June 20, 2012, the DHS issued a Notice to Appear ("NTA"). The NTA charges Peprah with removability under 8 U.S.C. § 1227(a)(10)(A), as an alien who was inadmissable at the time of entry or adjustment of status because he procured his admission by fraud or by willfully misrepresenting a material fact. (*Id.*) Five dayes later, on June 25, 2012, Respondents moved to dismiss the review petition in this court pursuant to Rule 12(b)(6), arguing that this court cannot grant relief because 8 U.S.C. § 1429 prohibits Peprah's naturalization while removal proceedings are pending against him.

## DISCUSSION

### I. Standard of Review

When ruling on a Rule 12(b)(6) motion to dismiss, the court treats all well-pleaded allegations as true, and draws all reasonable factual inferences in plaintiff's favor. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009). Under Rule 8(a), the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). The factual allegations must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is appropriate only if, accepting all of

the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Peprah's Petition for Review asserts that there is an ongoing controversy between Peprah and Respondents regarding whether he is of poor moral character and whether he was lawfully admitted for permanent residency to the United States. There is no dispute that USCIS issued a final decision denying Peprah's application for naturalization, and that after exhausting his administrative remedies, Peprah filed a timely petition for *de novo* review of the denial. Peprah has clearly stated a claim. The question presented is whether § 1429 precludes an award of relief from this court pursuant to § 1421(c) while removal proceedings are pending. Peprah has asked the court to reverse the decision of the DHS and the Attorney General, and to confer citizenship upon him, or to order the Attorney General to approve his naturalization application.[1] (Pet. for Review at 15.) Respondents argue that § 1429 prevents the court from naturalizing Peprah or ordering the Attorney General to do so while removal proceedings are pending, and thus, "the Court cannot grant any effective relief on Peprah's complaint . . . ." (Mot. to Dismiss at 3-5.)

## II.   Sections 1421(c) and 1429

The Attorney General is granted the sole authority to naturalize persons as citizens of the United States. 8 U.S.C. § 1421(a). Congress empowered the district courts to review the Attorney General's naturalization decisions in § 1421(c), which provides:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C. § 1421(c). Once removal proceedings have been initiated against an alien, however, the

---

[1] United States Citizenship and Immigration Services is a component of the Department of Homeland Security which acts on behalf of the Attorney General. *Klene v. Napolitano*, ___ F.3d ___, No. 12 CV 1223, 2012 WL 4840713, at *1 (7th Cir. Oct. 12, 2012).

Attorney General's power to naturalize or consider the application for naturalization is limited by 8 U.S.C. § 1429, which provides as follows:

> [N]o person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act; and no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act . . . .[2]

8 U.S.C. § 1429. Sections 1421(c) and 1429 make no reference to one another, and neither explains how the two Sections are to be read together. According to § 1429, the Attorney General may not "consider" the application for naturalization of an alien to whom an NTA has been issued. Respondents interpret this to mean that removal proceedings have priority over the naturalization process, effectively constraining the courts' ability to grant relief. (Mot. to Dismiss at 4-5.) In Respondents' view, as the Attorney General has sole authority to naturalize persons and the Attorney General may not naturalize a person in the midst of removal proceedings, this court can neither naturalize Peprah, nor order the Attorney General to do so. (Mot. to Dismiss at 3-5; Resp'ts' Reply to Pl.'s Opp'n to Resp'ts' Mot. to Dismissn [19] at 2, 4-5.) If this court cannot naturalize Peprah or order the Attorney General to do so, Respondents urge, the Motion must be granted, and the petition dismissed. (Mot. to Dismiss at 5.)

### III. Declaratory Relief

At the time Respondents filed their motion and subsequent reply, the Seventh Circuit had not yet addressed the interaction between Sections 1421(c) and 1429. In support of the argument that § 1429 prevents the court from granting relief when removal proceedings are pending, Respondents relied heavily on decisions from other circuits and unpublished decisions from this district, including *Klene v. Napolitano*, ___ F.3d ___, No. 11 CV 3921, 2011 WL 6780722 (N.D. Ill.

---

[2] The Notice to Appear, which initiates removal proceedings, is a warrant of arrest pursuant to 8 C.F.R. § 318.1. *Klene*, 2012 WL 4840713, at *3.

4

Dec. 27, 2011). *See also Barnes v. Holder*, 625 F.3d 801, 806 (4th Cir. 2010); *Ajlani v. Chertoff*, 545 F.3d 229 (2d Cir. 2008); *Zayed v. U.S.*, 368 F.3d 902 (6th Cir. 2004); *Goloshubova v. Napolitano*, ___ F.3d ___, No. 11 CV 558, 2012 WL 1532355 (N.D. Ill. May 11, 2012). After Respondents' motion was fully briefed, the Seventh Circuit reversed *Klene v. Napolitano*, and in doing so, explicitly rejected Respondents' contention that § 1429 prevents a reviewing court from granting effective relief while removal proceedings are pending. *Klene v. Napolitano*, ___ F.3d ___, No. 12-1223, 2012 WL 4840713, at *3 (7th Cir. Oct. 12, 2012).

In *Klene*, the petitioner's application for naturalization was denied on the basis that her marriage to a U.S. citizen was fraudulent. *Klene*, 2012 WL 4840713, at *1. The petitioner made a timely request for relief pursuant to § 1421(c), and, as in the present case, the DHS initiated removal proceedings and subsequently asked the district court to dismiss the petitioner's suit. *Id*. The district court dismissed the case under Rule 12(b)(6) for failure to state a claim, reasoning that since § 1429 prevents the Attorney General from considering a naturalization application while removal proceedings are pending, the district court cannot do so either. *Klene*, 2011 WL 6780722, at *3.

The Seventh Circuit reversed, holding that § 1429 neither deprives the court of jurisdiction, nor prevents the court from granting relief. *Klene*, 2012 WL 4840713, at *2. The court agreed with Respondents that § 1429 prevents the district court from ordering the Attorney General to naturalize an alien once removal proceedings have begun. *Id*. The Seventh Circuit nevertheless concluded that this does not render the district court unable to grant effective relief; specifically, the court noted, the district court is able to grant relief in the form of a declaratory judgment. *Id*. As the court observed, § 1429 "tells the Attorney General to put an application aside once removal proceedings begin; it does not issue a similar directive to a court. Section 1421(c) gives the alien a right to an independent ('de novo') judicial decision, a right that can be valuable compared with the kind of review available following an order of removal." *Id.* at *3. The court went on to explain that

5

although a district court cannot order the petitioner's naturalization, a declaratory judgment in the petitioner's favor is not a dead letter because such a judgment could be asserted in the removal proceedings. *Id.* at *2. This "would bring the removal proceeding to a prompt close, allowing the Attorney General to naturalize the alien . . . because the United States as a whole is bound by principles of mutual issue and claim preclusion." *Id.* at *2. (citation omitted).

Returning to Peprah's request for relief, according to *Klene*, this court cannot naturalize Peprah, or order the DHS or the Attorney General to do so, now that removal proceedings have begun. *Id.* By means of declaratory judgment, however, the court may still reverse the DHS's decision as Peprah has requested. *Id.* at *3. Here, where the grounds for removal are presumably the same as the grounds for the denial of the naturalization application, declaratory judgment reversing the decision of the DHS could similarly close the removal proceeding, allowing the Attorney General to naturalize Peprah. *Id.* at *2.

## CONCLUSION

The Respondents' motion to dismiss [13] is denied. Respondent is directed to answer Petitioner's petition within 21 days of the date of this order. A status conference is set for December 10, 2012, at 9:00 a.m.

ENTER:

Dated: October 26, 2012

_____
REBECCA R. PALLMEYER
United States District Judge

6